**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HARVINDER P. JULKA,

                      Plaintiff,

              **NOTICE OF REMOVAL**

     -against-

              08 No. CV 2410

THE AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT AND THE TRAVELERS
PROPERTY CASUALTY COMPANY,

              **JUDGE BRIEANT**

                    Defendants.

-----------------------------------------------------------------X

TO:    The United States District Court
        For the Southern District of New York

       Defendant, The Automobile Insurance Company of Hartford, Connecticut, incorrectly sued herein as The Automobile Insurance Company of Hartford, Connecticut and The Travelers Property Casualty Company ("Defendant"), by and through its attorneys, Rivkin Radler LLP, respectfully notifies this Court of the removal of the above-captioned matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 based upon the following:

       1.    Plaintiff, Harvinder P. Julka ("Plaintiff"), filed an Amended Summons and Amended Complaint with the Westchester County Clerk's Office on or about February 14, 2008. A true copy of the Amended Summons and Amended Complaint is annexed hereto as Exhibit "A".

       2.    On or about February 15, 2008, Defendant received the Amended Summons and Amended Complaint.

3. Plaintiff's action is a civil action over which this Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332 and, thus, Defendant may remove to this Court pursuant to 28 U.S.C § 1441(a), *et. seq.*, which provides as follows:

> ...any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. This action is within the original jurisdiction of this Court because there is complete diversity of citizenship among the parties and Plaintiff seeks an award in excess of $75,000. Specifically, upon information and belief, Plaintiff is a citizen of New York; Defendant, The Automobile Insurance Company of Hartford, Connecticut, is a Connecticut corporation with its principal place of business in Connecticut; Defendant, The Travelers Property Casualty Company, is a Connecticut corporation with its principal place of business in Connecticut, and Plaintiff's Amended Complaint seeks damages in excess of $75,000 exclusive of interest and costs.

5. This Notice of Removal has been filed within thirty days of receipt by Defendant of the Summons With Notice pursuant to 28 U.S.C. § 1446(b). Further, Westchester County is within the venue of the United States District Court for the Southern District of New York.

6. Pursuant to 28 U.S.C. § 1446 (d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of Supreme Court of the State of New York, Westchester County, and will serve a copy of the same upon Plaintiff.

7. Pursuant to 28 U.S.C. 1446 (a), this Notice of Removal is signed pursuant to and in compliance with Fed. R. Civ. P. 11, *et. seq.*

WHEREFORE, Defendant, The Automobile Insurance Company of Hartford, Connecticut, incorrectly sued herein as The Automobile Insurance Company of Hartford, Connecticut and The Travelers Property Casualty Company, hereby files this Notice of Removal of this action from the Supreme Court of the State of New York, Westchester County, to the United States District Court for the Southern District of New York.

Dated: March 6, 2008
      Uniondale, New York

                Respectfully submitted,

                RIVKIN RADLER LLP
                Attorneys for Defendant
                The Automobile Insurance Company of Hartford,
                Connecticut incorrectly sued herein as The
                Automobile Insurance Company of Hartford,
                Connecticut and The Travelers Property Casualty
                Company

By: _____
       Alan C. Eagle, Esq. (ACE 3451)
       926 RexCorp Plaza
       Uniondale, New York 11556
       516-357-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------

HARVINDER P. JULKA,

                          Plaintiff(s)

      -against-

THE AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT AND THE
TRAVELERS PROPERTY CASUALTY COMPANY,

                        Defendants
-----------------------------------------------------------------

Index No. 24197/07
Date Purchased 11/27/07
Plaintiff(s) designate(s)
   WESTCHESTER
County as the place of trial.

The basis of the venue is
Plaintiff's Residence
**AMENDED SUMMONS**
Plaintiff(s) reside(s) at
  Dobbs Ferry
County of Westchester

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Ardsley, New York
           February 14, 2008

                            ANTHONY J. PIRROTTI, ESQ.
                            LAW OFFICES OF ANTHONY J. PIRROTTI, P.C.
                            Attorneys for Plaintiff
                            Office and Post Office Address
                            501 Ashford Avenue
                            Ardsley, New York 10502
                            (914) 693-8000

CORPORATE LITIGATION
     HARTFORD

FEB 15 2008

TO:   AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CT.
      ONE TOWER SQUARE
      HARTFORD, CT. 06183

      TRAVELERS PROPERTY CASUALTY COMPANY
      ONE TOWER SQUARE
      HARTFORD, CT 06183

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X

HARVINDER P. JULKA,

                  Plaintiff,                        **AMENDED COMPLAINT**

        - against -                                **Index No: 24197/07**

THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT AND THE
TRAVELERS PROPERTY CASUALTY COMPANY,

                  Defendants.

---------------------------------------------------------------X

      Plaintiff, by and through his attorney, ANTHONY J. PIRROTTI, ESQ., as and for his Verified Complaint, states and allege as follows:

      1.    At all times hereinafter mentioned, the plaintiff is a resident of the County of Westchester, State of New York.

      2.    At all times hereinafter mentioned, the plaintiff is the owner in fee of a three-story home located at 45 Northfield Avenue, Dobbs Ferry, New York.

3. Upon information and belief and at all times hereinafter mentioned, the Defendant, THE TRAVELERS PROPERTY CASUALTY COMPANY, (hereinafter referred to as "TRAVELERS"), is engaged in the insurance business and authorized to conduct business in the State of New York.

4. Upon information and belief and at all times hereinafter mentioned, the Defendant, AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT (hereinafter referred to as AICHC), is engaged in the insurance business and authorized to conduct business in the State of New York.

5. Upon information and belief, and at all times hereinafter mentioned, the defendant, TRAVELERS, is a domestic corporation licensed to do business in the State of New York.

6. Upon information and belief, and at all times hereinafter mentioned, the defendant, TRAVELERS, is a foreign corporation licensed to do business in the State of New York.

2

7. Upon information and belief, and at all times hereinafter mentioned, the defendant, AICHC, is a domestic corporation licensed to do business in the State of New York.

8. Upon information and belief, and at all times hereinafter mentioned, the defendant, AICHC, is a foreign corporation licensed to do business in the State of New York.

9. Upon information and belief and at all times hereinafter mentioned, the Defendant, AICHC, is one of the Defendant, TRAVELERS, companies.

10. Upon information and belief, at all times hereinafter mentioned, the Defendant, TRAVELERS, has offices located at P. O. Box 571, Monroe, New York.

11. Upon information and belief, at all times hereinafter mentioned, the Defendant, AICHC, has offices located at P. O. Box 571, Monroe, New York.

12. Upon information and belief, at all times hereinafter mentioned, the Defendant, TRAVELERS, issued a homeowner's insurance policy to the plaintiff for premises located at 45 Northfield Avenue, Dobbs Ferry, New York.

13. Upon information and belief, at all times hereinafter mentioned, the Defendant, AICHC, issued a homeowner's insurance policy to the plaintiff for premises located at 45 Northfield Avenue, Dobbs Ferry, New York.

14. The policy of insurance issued by defendants, TRAVELERS and AICHC, bears Policy No. 979368948-633-1.

15. Plaintiff, HARVINDER P. JULKA, is the person covered and insured for his under the terms of the insurance issued by the defendants, under Policy No. 979368948-633-1.

16. Said premises located at 45 Northfield Avenue, Dobbs Ferry, New York were the premises under the terms of the homeowner's policy issued by the defendants, under Policy No. 979368948-633-1.

17. The policy of insurance issued by defendants was at all times paid and was not canceled at any point or any time.

4

18. On February 13, 2007, the plaintiff sustained damages to the said premises located at 45 Northfield Avenue, Dobbs Ferry, New York, as a result the water freezing in the premises.

19. That said damages are covered by the plaintiff's homeowner's policy issued by the defendants, TRAVELERS and AICHC.

20. That on or about September 5, 2007, the a representative of the defendants did notify the plaintiff that his claim for damages was rejected.

21. The basis for the defendants' rejection of the claim was that the loss was caused by water that leaked from the plumbing and heating system as a result of freezing conditions.

22. The defendants further claimed that the plaintiff did not use reasonable care to maintain heat in the house and did not drain the systems while the home was vacant and unoccupied.

23. The defendants were aware that the plaintiff was on an automatic delivery system with the fuel oil company and that five (5) days before the alleged loss there was a fuel oil delivery made to the aforementioned premises.

24. The defendants were aware that the aforementioned premises were regularly visited by the plaintiff and there was no indication that the plumbing and heating systems had malfunctioned in any way.

25. Defendants were on notice that the plaintiff maintained a series of portable heaters which were thermostatically controlled and the heaters were located throughout the aforementioned premises, including the third floor, where the leak is alleged to have occurred.

26. That pursuant to the policy issued by the defendants, the only exception to coverage when the house is vacant, unoccupied or being constructed is if the insured does not maintain heat in the building or drain the pipes.

27. The plaintiff at all times maintained a heating system in the building and it was serviceable and working on the date of the loss.

6

28. That pursuant to the terms of the insurance policy, the insured was also required to mitigate any further damages to the premises, which the plaintiff promptly and sufficiently administered.

29. The damages sustained by the plaintiff is in the sum of $222,673.00

30. The plaintiff has demanded that the Defendants, TRAVELERS AND AICHC, cover the loss in the sum of $222,673.00, pursuant to the terms of the policy of insurance issued by them.

31. No part has been paid, nor will the defendants cover any part thereto, although duly demanded.

32. In addition to the above, damages were further sustained in the approximate amount of $50,000.00 because of the defendants' refusal to pay the covered loss.

33. As a result of the foregoing the plaintiff has been damaged in the sum of $272,673.00.

WHEREFORE, Plaintiff demands judgment against the Defendants in the sum of TWO HUNDRED SEVENTY TWO SIX HUNDRED SEVENTY THREE AND 00/100 ($272,673.00) DOLLARS, together with costs, disbursements, attorney fees and interest on this matter.

Dated:   Ardsley, New York
         February 14, 2008

Yours, etc.,

_____
ANTHONY J. PIRROTTI, ESQ.,
LAW OFFICES OF ANTHONY J. PIRROTTI P.C.
Attorneys for Plaintiff
501 Ashford Avenue
Ardsley, New York 10502
(914) 693-8000

8

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER )

      **HARVINDER P. JULKA,** being duly sworn, deposes and says:

I am the plaintiff in the above entitled action.

I have read the annexed **AMENDED VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                                                                    HARVINDER P. JULKA

Sworn to before me this
___ day of February, 2008

_____
NOTARY PUBLIC

ANNE K. BRACKEN
Notary Public, State Of New York
No. 4948109
Qualified In Dutchess County
Commission Expires March 6, 20__

### ATTORNEY'S CERTIFICATION

      Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions herein are not frivolous as defined in subsection (c) of Section 130-1.1.

Dated: February ___, 2008

                                                                                  ANTHONY F. PIRROTTI

24197/07

Index No.            Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

HARVINDER P. JULKA,
Plaintiff,

- against -

TRAVELERS INSURANCE COMPANY,
Defendant

---

## AMENDED SUMMONS AND AMENDED VERIFIED COMPLAINT

---

**LAW OFFICES OF ANTHONY J. PIRROTTI P.C.**
Attorneys for

Plaintiff
501 ASHFORD AVENUE
ARDSLEY, NEW YORK 10502
(914) 693-8000

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: ..........................................    Signature ..........................................

Print Signer's Name..........................................

Service of a copy of the within
Dated:                                                                              is hereby admitted.

Attorney(s) for

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY   that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT   that an Order of which the within is a true copy will be presented for settlement to the Hon.
, one of the judges of the within-named Court,
at
on                                     20        , at           M.

Dated:

LAW OFFICES OF ANTHONY J. PIRROTTI P.C.
Attorneys for

STATE OF NEW YORK, COUNTY OF

**Check Applicable Box**

☐ **Attorney's Certification**
I, the undersigned, am an attorney admitted to practice in the courts of New York, and certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation**
say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                              is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                              ss:
being sworn says: I am

**Check Applicable Box**

☐ **Individual Verification**
in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
the                              of

☐ **Corporate Verification**
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                      , 20

................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                              ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                      , 20    , I served a true copy of the annexed
in the following manner:

**Check Applicable Box**

☐ **Service by Mail**
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service**
by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile**
by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means**
by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ **Overnight Delivery Service**
by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                      , 20