UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HARVINDER P. JULKA,

                Plaintiff,

     - against -

THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT AND THE
TRAVELERS PROPERTY CASUALTY COMPANY,

                Defendants.

------------------------------------------------------------X

**PLAINTIFF'S SECOND SET OF DOCUMENT DEMANDS DIRECTED TO DEFENDANTS**

08 CV 2410 (CLB) (GAY)

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, HARVINDER P. JULKA, by his attorneys, LAW OFFICES OF ANTHONY J. PIRROTTI, P.C., request that the Defendants, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD I/s/h/a THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT AND THE TRAVELERS PROPERTY CASUALTY COMPANY ("AIC"), furnish or makes available for inspection at the Law Offices of Anthony J. Pirrotti P.C, within thirty (30) days after service of these Requests, the following documents requested herein:

      Said articles, documents, things and photographs are to be produced within thirty (30) days of service of this Notice in the Law Offices of Anthony J. Pirrotti, P.C., 501 Ashford Avenue, Ardsley, New York 10502 or at any other location mutually agreed upon in advance of said date by the attorneys for the respective parties herein, at which time said articles,

documents, things and photographs will be physically inspected, copied, tested, photographed and/or mechanically reproduced and then returned.

Defendants must comply with each item of this Demand. In the event that you object to any item, the reason for the objection must be stated with "reasonable particularity". All other items in the demand must be responded to in full within twenty (20) days of the service of this demand.

Defendants must identify and segregate the responsive documents in response to each demand made herein. A mass assembly of documents, without designation as to what they are in response to will be rejected.

## DEFINITIONS

A. "Communication" shall mean every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by document, writing, or copy thereof, or otherwise.

B. "Verified Complaint" shall mean the Verified Complaint in this action.

C. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

D. "Document" and "writing" shall refer to original and non-identical copies (including all copies which are different in any way from the original, whether by interlineations, stamp, notation, indicating of copy sent or received or otherwise), regardless of location, of any written, printed, xeroxed, photographed, recorded, transcribed, punched, taped, filed or graphic matter and any other means of preserving thought or expression, of any nature or

description. The term also includes all information stored in a computer system although not yet printed out, all information stored in computer hard drives, all information stored on floppy diskettes, all information stored on computer tape backups, all information stored on CD-ROM, all information stored in E-mail, all information stored in Instant Messaging (IM), as well as METADATA which includes data about data, in [one] context, information about an electronically stored document that may or may not be visible if the document is reduced to printed form.

E. "Identify", "identification", or "identity" shall mean to provide the following information:

(1) When used with reference to a natural person, state his or her full name and present or last-known business and residential address, his or her last-known or present business affiliation, and his or her position and business affiliation at the time of the transaction, occurrence, event, happening, or matter in question;

(2) When used with reference to any entity other than a natural person (e.g., corporation, partnership, joint venture, or association) state:

    (a) its full name;

    (b) the address of its principal place of business; and

    (c) its organization form and its purposes, primary business, or activities;

(3) When used with reference to an oral or written communication:

    (a) state the place at which the date on which such oral or written communication occurred;

  (b) identify each person making such oral or written communication, the person to whom it was made, and each other person who was present (in person or by telephone) when it was made;

  (c) state the subject and the substance of such oral or written communication; and

  (d) identify any document that relates or refers to each such communication or that was prepared or made during the course thereof or a consequence thereof.

F. "Person" shall refer to a natural person, partnership, corporation, incorporated association, joint venture, or any governmental or other legal entity.

G. The connective "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this document request all responses that might otherwise be construed to be outside of its scope.

H. The use of the singular form of any word includes the plural and vice versa.

I. All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

## **TIME PERIOD**

Unless otherwise specified, Plaintiff's Document Request relates to the period from time of loss to the present time. All documents, whenever actually prepared, which relate to this period and which are called for by this Document Request, are to be produced.

## **INSTRUCTIONS**

(I)     For the purpose of this Document Request, production of a copy, rather than an original, of a document is acceptable provided that the copy is a complete, accurate, legible and an unaltered reproduction of the original and that the original is made available for inspection and photocopying at a time and place mutually agreed upon by the attorneys for the parties.

(ii)    The documents requested shall be organized and labeled to correspond with the categories is this request.

(iii)   The file folder or other contained in which a document is kept is deemed to be an integral part of the document and shall be produced with the document.

(iv)    If there are no documents responsive to a category in this request, state so in writing.

(v)     If any document called for by this request are withheld under a claim of privilege, furnish a list setting forth for each such documents: (a) the nature of the privilege (including attorney work product) that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the documents; and (e) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other.

(vi)    If any document requested was, but is no longer in plaintiff's possession, custody, or control, state the subject matter of the document, what disposition was made of it, and the

date or dates on which such disposition was made. Additionally, produce all documents relating to the disposition of such document or documents.

(vii)   If defendant is unable to locate any document requested, state all efforts that have been made to locate it and identify any individual who he/she believes is likely to possess any information regarding the document's whereabouts.

(viii)  This document request shall be deemed continuing to the fullest extent permitted under law, and to the extent that any documents requested herein are not available at the time defendant responds, defendant shall promptly supplement its response when such documents become available.

(ix)   If any document contains handwritten notes, furnish a list identifying for each such document, the author of the handwritten notes.

(x)    If answering this document request, furnish all information that is available to you, including information that is in the possession of any of your present agents, employees, or attorneys, your former agents, employees, or attorneys, or otherwise subject to your custody and control.

(xi)   This document request is of a continuing nature. If, after the date and time for document production as set forth above or as otherwise agreed upon, additional documents responsive to this request come within the possession, custody or control of the defendant, such additional documents shall be produced by the defendant or his/her attorneys, at such time and place to be mutually agreed upon by the attorneys for the parties, but not later than

thirty (30) days after the additional documents come within their possession, custody or control.

## DOCUMENT DEMANDS

1. Any documents made by, or sent to, Frank Serino, the Technical Specialist referred to in Defendant's Rule 26 Disclosures.

2. Any documents made by, or sent to, Janie Marie Leonick, the General Adjuster referred to in Defendant's Rule 26 Disclosures.

3. Any documents provided to defendant by Brian Cook, the building inspector or Fireman Michael Keiling.

4. The Julka Claim File.

5. A copy of the underwriting manual used by Defendant to analyze the insurance of homes in Westchester County, New York.

6. Any bulletin or rulebook used by Defendant to analyze the insurance of homes in Westchester County, New York.

7. Any diary or notebook kept by the defendant to record daily events related to the defendant's business of insurance.

8. A copy of the AIC standards and policies.

9. Any document setting forth degree of risk associated with insuring the Plaintiff's home. This would include any documents setting forth the grade of risk assigned to the Plaintiff's home.

10. Any records relating to Plaintiff's payment of Defendant's premium bills.

Plaintiff reserves the right to supplement this Notice for Production of Documents.

Dated: Ardsley, New York
June 10, 2008

Yours, etc.,

_____
ANTHONY J. PIRROTTI, ESQ. (AJP0109)
LAW OFFICES OF ANTHONY J. PIRROTTI P.C.
Attorneys for Plaintiff
501 Ashford Avenue
Ardsley, New York 10502
(914) 693-8000

TO: ALAN C. EAGLE, ESQ. (ACE 3451)
RIVKIN RADLER LLP
Attorneys for Defendants
926 Rex Corp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

M-11294-03G:Notice.02

STATE OF NEW YORK   )
COUNTY OF WESTCHESTER)   ss:

ANNE K. BRACKEN, being duly sworn, deposes and says:

I am not a party to the action, am over the age of eighteen (18), and reside at Stormville, New York.

On **June 10, 2008,** I served the within **PLAINTIFF'S SECOND SET OF DOCUMENT DEMANDS DIRECTED TO DEFENDANTS** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

ALAN C. EAGLE, ESQ. (ACE 3451)
RIVKIN RADLER LLP
Attorneys for Defendants
926 Rex Corp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

_____
ANNE K. BRACKEN

Sworn to before me this
10th day of June, 2008

_____
NOTARY PUBLIC

ANTHONY J. PIRROTTI
Notary Public, State Of New York
No. 24-931890
Qualified in Westchester County
Commission Expires December 31, 2010