UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HARVINDER P. JULKA,

                Plaintiff,

-against-

THE AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT AND THE TRAVELERS
PROPERTY CASUALTY COMPANY,

                Defendants.

**AMENDED ANSWER OF DEFENDANT THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT i/s/h/a THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT AND THE TRAVELERS PROPERTY CASUALTY COMPANY TO PLAINTIFF'S AMENDED COMPLAINT**

Civil Case No. 08 CV 2410 (CLB) (GAM)

-------------------------------------------------------------------X

      Defendant, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, incorrectly sued herein as THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT AND THE TRAVELERS PROPERTY CASUALTY COMPANY ("AIC"), by and through its counsel, RIVKIN RADLER LLP, answers the Amended Complaint as follows:

      1.     AIC lacks knowledge or information sufficient to form a basis as to the truth or falsity of the allegations contained in paragraph "1" of the Amended Complaint.

      2.     AIC lacks knowledge or information sufficient to form a basis as to the truth or falsity of the allegations contained in paragraph "2" of the Amended Complaint.

      3.     AIC denies the allegations contained in paragraph "3" of the Amended Complaint.

    4.  AIC admits the allegations contained in paragraph "4" of the Amended Complaint.

    5.  AIC denies the allegations contained in paragraph "5" of the Amended Complaint.

    6.  AIC denies the allegations contained in paragraph "6" of the Amended Complaint.

    7.  AIC admits that The Automobile Insurance Company of Hartford, Connecticut is s foreign corporation licensed to do business in the State of New York, but otherwise denies the allegations contained in paragraph "7" of the Amended Complaint.

    8.  AIC admits the allegations contained in paragraph "8" of the Amended Complaint.

    9.  AIC admits that it is wholly owned by Travelers Property Casualty Corporation, but otherwise denies the allegations contained in paragraph "9" of the Amended Complaint.

    10.  AIC denies the allegations contained in paragraph "10" of the Amended Complaint.

    11.  AIC denies that it maintains an office at Post Office Box 572, Monroe, New York.

    12.  AIC denies the allegations contained in paragraph "12" of the Amended Complaint.

    13.  AIC admits that The Automobile Insurance Company of Hartford, Connecticut issued Homeowners Policy 979368948 633 1 to Harvinder P. Julka for the policy period March 31, 2006 to March 31, 2007 for Residence Premises located at 45 Northfield Avenue, Dobbs Ferry, New York ("AIC Policy"), which speaks for itself, but otherwise denies the allegations contained in paragraph "13" of the Amended Complaint.

14. AIC admits that The Automobile Insurance Company of Hartford, Connecticut issued the AIC Policy, which speaks for itself, but otherwise denies the allegations contained in paragraph "14" of the Amended Complaint.

15. AIC admits that The Automobile Insurance Company of Hartford, Connecticut issued the AIC Policy, which speaks for itself, but otherwise denies the allegations contained in paragraph "15" of the Amended Complaint.

16. AIC admits that The Automobile Insurance Company of Hartford, Connecticut issued the AIC Policy, which speaks for itself, but otherwise denies the allegations contained in paragraph "16" of the Amended Complaint.

17. AIC admits that on February 13, 2007, the AIC Policy was in full force and effect, but otherwise denies the allegations contained in paragraph "17 of the Amended Complaint.

18. AIC lacks knowledge or information sufficient to form basis as to the truth or falsity of the allegations contained in paragraph "18" of the Amended Complaint.

19. AIC denies the allegations contained in paragraph "19" of the Amended Complaint.

20. AIC admits that by letter dated September 5, 2007, AIC disclaimed coverage to Plaintiff under the AIC Policy. As provided and more fully explained in the September 5, 2007 letter, AIC properly and justifiably disclaimed coverage for multiple reasons and AIC respectfully refers the Court to the September 5, 2007 letter for its full content and reasoning. AIC otherwise denies the remaining allegations contained in paragraph "20" of the Amended Complaint.

21. AIC admits that its September 5, 2007 disclaimer letter speaks for itself, but otherwise denies the factual and/or legal characterizations made by Plaintiff in paragraph "21" of the Amended Complaint concerning AIC's disclaimer letter, and respectfully refers the Court to the disclaimer letter.

22. AIC admits that its September 5, 2007 disclaimer letter speaks for itself, but otherwise denies the factual and/or legal characterizations made by Plaintiff in paragraph "22" of the Amended Complaint concerning AIC's disclaimer letter, and respectfully refers the Court to the disclaimer letter.

23. AIC denies the allegations contained in paragraph "23" of the Amended Complaint.

24. AIC denies the allegations contained in paragraph "24" of the Amended Complaint.

25. AIC denies the allegations contained in paragraph "25" of the Amended Complaint.

26. AIC admits that the AIC Policy speaks for itself, but otherwise denies the factual and/or legal characterizations made by Plaintiff in paragraph "26" of the Amended Complaint concerning the coverage afforded under the AIC Policy, and respectfully refers the Court to the AIC Policy.

27. AIC denies the allegations contained in paragraph "27" of the Amended Complaint.

28. AIC admits that the AIC Policy speaks for itself, but otherwise denies the allegations contained in paragraph "28" of the Amended Complaint.

29. AIC denies the allegations contained in paragraph "29" of the Amended Complaint.

30. AIC admits that Plaintiff has requested certain payment under the AIC Policy, but otherwise denies the allegations contained in paragraph "30" of the Amended Complaint.

31. AIC admits that it has disclaimed coverage to Plaintiff under the AIC Policy, but otherwise denies the allegations contained in paragraph "31" of the Amended Complaint.

32.    AIC denies the allegations contained in paragraph "32" of the Amended Complaint.

33.    AIC denies the allegations contained in paragraph "33" of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint and each allegation contained therein fails to state a cause of action or claim against AIC upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This action may be barred by the statute of limitations, by the equitable doctrine of laches, by the doctrine of estoppel and/or by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

AIC is not liable to Plaintiff because the alleged loss resulted from an excluded peril under the AIC Policy; specifically, the freezing of plumbing, drainage, heating systems.

### FOURTH AFFIRMATIVE DEFENSE

AIC is not liable to Plaintiff because Plaintiff failed to comply with all of the obligations and/or conditions under the AIC Policy, including Plaintiff's obligation to not misrepresent, conceal and/or make false statements concerning material facts and/or circumstances.

### FIFTH AFFIRMATIVE DEFENSE

The AIC Policy requires compliance with notice requirements as conditions precedent to coverage. AIC is not liable to Plaintiff to the extent AIC was not provided with timely and proper notice as required by the AIC Policy.

### SIXTH AFFIRMATIVE DEFENSE

AIC is not liable to the extent Plaintiff failed to timely comply with the sworn statement of loss condition in the AIC Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

AIC is not liable to Plaintiff to the extent the alleged loss does not involve direct physical loss caused only by a named peril in the AIC Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

AIC is not liable to the extent Plaintiff failed to comply with its duties after a loss as set forth in the alleged AIC Policy.

**NINTH AFFIRMATIVE DEFENSE**

AIC is not liable to Plaintiff to the extent this action is barred by the doctrine of accord and satisfaction.

**TENTH AFFIRMATIVE DEFENSE**

This action is barred to the extent there was a failure by Plaintiff to take reasonable measures to mitigate, minimize, or avoid any damages allegedly sustained and/or to the extent such damages were voluntarily incurred.

**ELEVENTH AFFIRMATIVE DEFENSE**

AIC is not liable to Plaintiff to the extent the exclusions, terms and conditions of the AIC Policy apply to preclude coverage.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are precluded in whole or in part to the extent the "other insurance" provision in the AIC Policy operates to preclude coverage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The AIC Policy contains various limits of liability. In the event that AIC is liable to Plaintiff (which is expressly denied), AIC's liability is restricted to said limits.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The AIC Policy is subject to deductibles. Coverage is barred, in whole or in part, to the extent the alleged loss falls within such deductibles.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action for consequential damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AIC is not liable to Plaintiff because the alleged loss does not involve a "residence premises" as defined and required by the AIC Policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The allegations within the Amended Complaint fail to set forth the claims with sufficient particularity to enable AIC to determine all applicable affirmative defenses.  AIC therefore reserves its right to assert any additional defenses that may be applicable, to withdraw any defenses that are found to be inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained through discovery and further investigation.

**PRAYER FOR RELIEF**

WHEREFORE, AIC respectfully requests that this Honorable Court grant judgment as appropriate in its favor, as follows:

a. Dismissing all claims against AIC, and award costs, disbursements and attorneys fees with respect to this action;

b. Declaring that AIC is not obligated to cover Plaintiff for the alleged loss;

c. Declaring that Plaintiff is not entitled to the relief requested in the Amended Complaint; and

d. Granting such other and further relief as this Court may deem just, proper and equitable.

Dated: Uniondale, New York
July 11, 2008

                              Respectfully submitted,
                              RIVKIN RADLER LLP

By: s/_____
     Alan C. Eagle, Esq. (ACE 3451)
     926 RexCorp Plaza
     Uniondale, New York  11556-0926
     (516) 357-3000
     Attorneys for Defendant
     THE AUTOMOBILE INSURANCE COMPANY OF
     HARTFORD, CONNECTICUT sued here with THE
     TRAVELERS PROPERTY CASUALTY COMPANY

TO:    ANTHONY J. PIRROTTI, ESQ.
        LAW OFFICES OF ANTHONY J. PIRROTTI P.C.
        Attorney for Plaintiff
        501 Ashford Avenue
        Ardsley, New York 10502
        914-693-8000

2167096 v1