# UNITED STATES DISTRICT COURT

*FOR THE SOUTHERN DISTRICT OF NEW YORK*

HARVINDER P. JULKA,

                        Plaintiff,

- against -

THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT AND THE TRAVELERS PROPERTY CASUALTY COMPANY,

                        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 08 CV 2410

TO:   Robison Oil Company
        Tarricone Fuel Service, Inc.
        500 Executive Boulevard
        Elmsford, NY 10523-1236
        (914) 345-5700

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

☐ YOU ARE COMMANDED to appear the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE                                                               DATE AND TIME

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All documents, including but not limited to contracts, bills, invoices, proof of payments and logs, relating to oil deliveries and/or service visits to the premises located at 45 Northfield Avenue, Dobbs Ferry, New York, for the time period March, 2006 through the present.**

| PLACE | DATE AND TIME |
|---|---|
| **Rivkin Radler LLP**<br>**926 RexCorp. Plaza**<br>**Uniondale, New York 11556** | **August 11, 2008** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | July 11, 2008 |

• ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alan C. Eagle, Esq. (ACE 3451)
Rivkin Radler LLP
Attorneys for Defendant
926 RexCorp Plaza
Uniondale, New York 11556
(516) 357-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**SEE ATTACHED AFFIDAVIT**

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE **SEE ATTACHED AFFIDAVIT** |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of a designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of a clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2144213 v1

UNITED STATES DISTRICT COURT
COUNTY OF SOUTHERN DST. NEW YORK

HARVINDER P. JULKA

                                           **Plaintiff(s)**

        - against -

THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, ET AL.

                                           **Defendant(s)**

Index No. 08 CV 2410

**AFFIDAVIT OF SERVICE OF:**

SUBPOENA IN A CIVIL CASE

STATE OF NEW YORK: COUNTY OF WESTCHESTER   SS:

JOHN F. BALD   BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 07/16/08 at 1100 Hours at 500 EXECUTIVE BLVD. ELMSFORD, NY 10523 deponent served the within SUBPOENA IN A CIVIL CASE on ROBISON OIL COMPANY/TARRICONE FUEL SERVICES, INC. therein named,

**INDIVIDUAL A** ☐ by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein. ☐ (S) He identified (her) himself as such.

**CORPORATION B** ☒ a (domestic) (foreign) corporation by delivering thereat a true copy of each to XXX JALITSSA LOZAZA personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be AUTHORIZED thereof

**SUITABLE AGE PERSON C** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's (actual place of business) (dwelling house) (usual place of abode) within the state. ☐ (S) He identified (her) himself as of recipient

**AFFIXING TO DOOR, ETC. D** ☐ by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there on the dates below:

**MAILING USE WITH C or D** ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient at and deposited said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State.

Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BROWN | BLACK | 30 | 5'9 | 160 |

**MILITARY SERVICE** ☐ Person spoken to was asked whether the recipient(s) was (were) in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the recipient(s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person(s) so served as aforesaid to be the same person(s) mentioned and described as the defendant(s) in this action.

**USE IN NYC CIVIL CT.** ☐ The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons (es).

Sworn to before me on the 07/16/08

GERI L. ALBERT
Notary Public, State of New York
No. 01AL5047399
Qualified in Westchester County

JOHN F. BALD
LICENSE No.

DUE PROCESS
ATTORNEY SERVICES & INVESTIGATIONS
154108